## ALBERT LIONEL STOKES *v.* STATE OF MARYLAND

[No. 328, Initial Term, 1967.]

*Decided November 10, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*James C. Cawood, Jr.,* for appellant.

*Thomas A. Garland, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Alan M. Wilner, Assistant Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Howard S. Chasanow, Deputy State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

After entering pleas of not guilty by reason of insanity, the Appellant, Albert Lionel Stokes, was found guilty by a jury in the Circuit Court for Prince George's County on four counts of armed robbery and one of kidnapping. Judge Ernest A. Loveless, who presided at the trial, sentenced him to serve forty years in the Maryland Penitentiary.

The trial judge followed the M'Naghten-Spencer Rule — enunciated in *Spencer v. State,* 69 Md. 28, and subsequent cases —in instructing the jury regarding the test for criminal insanity, and refused the Appellant's request for an instruction based on the Durham Rule that he was not guilty if his crime was the product of a mental disease or defect.

In this appeal, it is urged:

1. The provisions of Chapter 709 of the Laws of 1967 are, or should be, retroactive.
2. This Court should reconsider and abandon the M'Naghten-Spencer Rule in favor of the test provided in Chapter 709.

The Appellant was tried in October 1966, at which time it was the well settled law of this State that the test for criminal insanity was embodied in the M'Naghten-Spencer Rule. The Rule had been the subject of attack many times in the Court of Appeals. *Armstead v. State,* 227 Md. 73; *Cole v. State,* 212 Md. 55; *Bryant v. State,* 207 Md. 565; *Thomas v. State,* 206 Md. 575. The attacks were renewed in this Court. *Bergin v. State,* 1 Md. App. 74; *League v. State,* 1 Md. App. 681. In every instance the Court of Appeals refused to modify the Rule and this Court, in *Bergin,* adhered to the reasoning of the Court of Appeals that if the Rule were to be modified it must be through legislative, rather than judicial, processes.

In the 1967 Session of the Maryland General Assembly, the Rule was modified by the enactment of Chapter 709 of the Laws of 1967 (Md. Code, Art. 59, Secs. 7-12). The effective date of the Act was June 1, 1967, and by its terms (Sec. 2) it is "applicable to all cases tried or scheduled for trial on and after the effective date of this Act."

It may be argued that this language, standing alone, does not preclude giving retroactive effect to the Act; that had the Legislature intended non-retroactivity, the word "only" would have been employed so that the Act would be "applicable [only] to cases tried or scheduled for trial after the effective date of this Act"; and that, therefore, the Act should be construed as retroactive. Such a construction, in our opinion, is strained, sophistic, and one not intended by the Legislature. In any event, we have heretofore considered the above suggested construction of retroactivity and concluded otherwise. As we said in *League v. State, supra,* p. 685:

> "Subsequent to the Appellant's convictions, the General Assembly of Maryland enacted legislation which, in effect, substituted the American Law Institute test of criminal insanity for the M'Naghten-Spencer Rule. Code, Art. 59, Secs. 7-12. This newly created concept of criminal responsibility is not available to the Appellant since the statute did not become effective until June 1, 1967. We find no evidence that the General Assembly intended to give the legislation retroactive

388

effect. Moreover, we do not find that the administration of justice requires that the concept be given retroactivity to cases pending on direct appeal where the trial thereof took place prior to June 1, 1967. *Johnson v. New Jersey*, 384 U. S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772; *Westfall v. State,* 243 Md. 413, 420."

We have carefully considered the arguments ably advanced by the Appellant's counsel both in his Brief and oral argument. We, nevertheless, feel compelled to adhere to the rationale and holding in *League, supra*.

*Judgment affirmed.*